| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>201-549-2363<br>dcarlon@kmllawgroup.com<br>Attorneys for Deutsche Bank National Trust Company, as Trustee for the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-1 | Order Filed on December 13, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br>Ibilola A Ighama-Amegor aka Ibilola A Amegor, aka Ibilola A Ighama,<br><br>Debtor | Case No.: 24-19551 JKS<br><br>Hearing Date: 12/2024 @ 8:30 a.m.<br><br>Judge: John K. Sherwood |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following page is hereby **ORDERED**.

**DATED: December 13, 2024**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

Page 2

| | |
|---|---|
| Debtor: | Ibilola A Ighama-Amegor aka Ibilola A Amegor, aka Ibilola A Ighama |
| Case No.: | 24-19551 JKS |
| Caption: | **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN** |

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Deutsche Bank National Trust Company, as Trustee for the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-1, holder of a mortgage on real property located at 202 -204 Keer Avenue, Newark, NJ, 07112, Denise Carlon, Esquire, appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and Herbert B. Raymond, Esquire, representing the Debtor, and this matter being resolved according to the following terms:

It **ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by 2/3/2025, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee will not pay the arrears per the plan while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loss mitigation is unsuccessful, Debtor is responsible for the difference between the loss mitigation payment and the regular payment for the months this loan was in the loss mitigation program; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loss mitigation is unsuccessful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.